IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. CHARLEY D. FABINAL (01), Defendant. | ) | Cr. No. 98-00305 (01) SOM<br>Civ. No. 06-00171 SOM/KSC<br><br>ORDER DENYING MOTION TO VACATE CONVICTION AND SENTENCE |

ORDER DENYING MOTION TO VACATE CONVICTION AND SENTENCE

## I. INTRODUCTION.

On March 24, 2006, Charley D. Fabinal filed a motion to vacate his conviction and sentence. Because that motion is filed pursuant to an inapplicable court rule and cannot be sustained in any event, it is denied.[1]

## II. ANALYSIS.

On November 2, 1998, Fabinal pled guilty to the single count alleged in the Superseding Indictment. On March 1, 1999, he was sentenced to 210 months imprisonment. Judgment was entered on March 5, 1999. Over seven years later, on March 24, 2006, Fabinal filed the present motion to vacate his conviction and sentence.

[1] Pursuant to Local Rule 7.2(d), the court decides this motion without a hearing.

A. Rule 60(b)(6) is Inapplicable.

Fabinal filed his motion to vacate his criminal conviction and sentence under Rule 60(b)(6) of the Federal Rules of Civil Procedure.[2] Because Fabinal was criminally convicted, Rule 60(b)(6), a civil procedure rule, may not be utilized to directly challenge his judgment of conviction and sentence. See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case, and as such the defendant cannot challenge the criminal forfeitures at issue under Fed. R. Civ. P. 60(b)."); see also Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature").

B. Fabinal's Motion is Not Construed as A § 2255 Petition.

Although Fabinal seeks to vacate his conviction and sentence, the court is reluctant to construe Fabinal's motion as one under 28 U.S.C. § 2255, as the Ninth Circuit has cautioned that

> district courts should not recharacterize a motion purportedly made under some other rule as a motion under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such a

[2] Fabinal's motion sought relief under "Rule 6011b)(6)," which appears to be a request under "Rule 60(b)(6)," as Fabinal cited Supreme Court precedent discussing Rule 60(b) relief in support of his "Rule 6011b)(6)" motion.

> recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it recharacterized.

United States v. Seesing, 234 F.3d 456, 463 (9th Cir. 2001). Having no indication that Fabinal desires a recharacterization of his action, the court does not construe Fabinal's motion as a § 2255 petition.

Fabinal may have deliberately avoided characterizing his motion as brought under § 2255 in the hope of avoiding its limitation period. A federal prisoner must file a § 2255 petition within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. For purposes of a § 2255 petition, a judgment becomes final and the limitation period begins to run "upon the expiration of the time during which she could have sought review by direct appeal." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). When, as here, a defendant does not appeal his or her judgment of conviction, the judgment becomes final ten days after the entry of judgment. See Fed. R. App. P. 4(b)(1)(A) (criminal defendant's notice of appeal must be filed in district court within ten days of entry of judgment); United States v. Colvin, 204 F.3d 1221, 1222 (9th Cir. 2000) ("a judgment becomes final when the time has passed for appealing the district court's entry

of the judgment”); see also Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (“If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.”). Because judgment was entered against Fabinal on March 5, 1999, and because he did not appeal that judgment, the one-year statute of limitation to file a § 2255 petition began to run in March 1999. Fabinal did not file the present motion until March 24, 2006.[3]

C. Fabinal’s Motion Misses the Mark.

Even if Fabinal’s motion does fit under some procedural rubric that gives this court jurisdiction, the motion misses the mark. Because the nature of Fabinal’s motion is unclear, the court addresses the merits of the motion, which it ordinarily would not do in light of the preceding discussion. Fabinal

[3]Nor does Fabinal’s motion fit under the Federal Rules of Criminal Procedure. For example, Rule 33 allows the court to vacate a judgment and grant a new trial. However, when a Rule 33 motion is brought for any reason other than newly discovered evidence, it must be filed within 7 days of the verdict or finding of guilt. Rule 34 similarly allows a motion to arrest a judgment within “7 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere.” Rule 35 also allows a motion to correct a sentence that resulted from arithmetic, technical, or other clear error, so long as the Rule 35 motion is brought within 7 days after sentencing. Fabinal’s motion does not fit neatly into any of these rules as a substantive matter and does not meet the deadlines set by Rules 33, 34, or 35.

argues that the Superseding Indictment is insufficient because it does not properly charge him. Fabinal argues that the Superseding Indictment in this case was missing an element of the charged offense because it charged him with only a "methamphetamine" violation, rather than a specific amount of "methamphetamine, it salts, isomers, and salts of its isomers."[4]

The Superseding Indictment does mention "crystal methamphetamine," which is not a statutory term. It does not track the statutory language triggering a mandatory minimum sentence. The Ninth Circuit has held that, when an indictment is silent as to drug quantity, a defendant cannot be sentenced for a drug crime involving a mandatory minimum sentence. See United States v. Nordby, 225 F.3d 1053, 1059 (9th Cir. 2000) (when a jury does not find a specific drug quantity under the "beyond a reasonable doubt" standard, a defendant who is found to have violated § 841(a) may only be sentenced under section § 841(b) as if that defendant had possessed the minimum applicable drug quantity), overruled in part on other grounds by United States v. Buckland, 289 F.3d 558, 568 (9th Cir. 2002) (en banc). Thus, Nordby indicates that, rather than dismissing an indictment that fails to plead an exact amount of "methamphetamine, it salts,

[4]To the extent that Fabinal may be arguing that this court lacks subject matter jurisdiction over an action in which an indictment violates Apprendi, that argument has already been rejected by the Supreme Court. See United States v. Cotton, 535 U.S. 625, 630-31 (2002).

isomers, and salts of its isomers," courts should allow such indictments to go forward under § 841(b)(1)(C), which applies to any amount "of a controlled substance in schedule I or II" and does not carry a mandatory minimum sentence. See United States v. Ruiz-Castro, 125 F. Supp. 2d 411, 416 (D. Haw. 2000) ("when an indictment is silent as to drug quantity, a defendant cannot be sentenced for a drug crime involving more than the minimum amount of drug in issue"), aff'd, 84 Fed. Appx. 960 (9th Cir. 2004); accord United States v. Lafayette, 337 F.3d 1043, 1048 (D.D.C. 2003) (in a case involving a controlled substance violation, when an Apprendi error occurs, "the statutory maximum is instead set by the only subsection of § 841(b) for which drug quantity is not an element: § 841(b)(1)(C), which authorizes a maximum sentence of 20 years (240 months)"); see generally United States v. Soliai, 200 F. Supp. 2d 1233 (D. Haw. 2002), aff'd, 58 Fed. Appx 349 (9th Cir. 2003).

In this case, the Superseding Indictment alleged that Fabinal knowingly and intentionally aided and abetted Tato Agatonu "to possess with intent to distribute in excess of one hundred (100) grams, to wit approximately 4.5 kilograms, of crystal methamphetamine ('ice'), a Schedule II controlled substance." Superseding Indictment (July 8, 1998). Under Apprendi v. New Jersey, 530 U.S. 466 (2000), and Nordby, 225 F.3d 1053, both decided after Fabinal was sentenced, this indictment

allowed Fabinal to be sentenced only under 21 U.S.C. § 841(b)(1)(C), which lacks a mandatory minimum, as opposed to § 841(b)(1)(A), under which he was sentenced. However, it happens that the mandatory minimum did not control Fabinal's sentence.

Even assuming Apprendi and Nordby are retroactive, § 841(b)(1)(6C) allowed Fabinal to be sentenced with no statutory minimum up to a maximum of 20 years of imprisonment. Fabinal's Presentence Investigation report stated that, according to laboratory reports, the controlled substance to which he pled guilty was "4,474 grams (net weight) of a substance containing d-methamphetamine hydrocloride of 99 percent purity." Presentence Investigation Report ¶ 10. Fabinal filed no objection to the Presentence Investigation Report. See Defendant Fabinal's Sentencing Statement (Jan. 22, 1999). Given this uncontested drug amount, Fabinal's base offense level under the then-mandatory Sentencing Guidelines was level 38, regardless of whether this court applied § 841(b)(1)(A) or § 841(b)(1)(C). Given the two-point deduction for Fabinal's acceptance of responsibility, under either provision, Fabinal's total offense level was level 36, subjecting him to a guideline range of 210 to 262 months. The court sentenced Fabinal to 210 months of imprisonment, which is less than the statutory maximum of 20 years under § 841(b)(1)(C). There is no suggestion that Fabinal

would have received a different sentence depending on whether § 841(b)(1)(A) or § 841(b)(1)(C) applied.

III. CONCLUSION.

For the foregoing reasons, Fabinal's motion is DENIED. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 4, 2006.




Susan Oki Mollway
United States District Judge

United States v. Fabinal, Cr. No. 98-00305(1) SOM & Civ. No. 06-00171 SOM/KSC; ORDER DENYING MOTION TO VACATE CONVICTION AND SENTENCE.